# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

:

    Plaintiff,                                    Case No. 3:00-cr-092 (08)
                                                     Civil Action No. 3:04-cv-281

:        District Judge Walter Herbert Rice

   -vs-                                            Chief Magistrate Judge Michael R. Merz

JASON WALKER,

:

    Defendant.

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Corrected Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. §2255 (Doc. No. 923).

Defendant raises three grounds for relief. In the Second Ground he claims that his sentence was imposed in violation of the Sixth Amendment to the United States Constitution in that the sentence depended on factual findings made by the sentencing judge instead of being found by a jury by proof beyond a reasonable doubt. In the First Ground, he asserts his trial attorney was ineffective for failure to raise this argument.

Defendant grounds his legal position in *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004), in which the Supreme Court held that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt.

Even though *Blakely* arose from a state court system, it appeared to many people, obviously

including the Defendant, that *Blakely* applied to the United States Sentencing Guidelines, under which Defendant was sentenced. At about the time Defendant filed his §2255 Motion, the United States Supreme Court agreed to decide that question on an expedited basis. On January 12, 2005, the Court decided in *United States v. Booker*, ___ U.S. ___, 2005 U.S. LEXIS 628, that *Blakely* does apply to the Sentencing Guidelines which are therefore unconstitutional insofar as they impose a mandatory sentencing range on the district courts. .

Although the Sixth Amendment as interpreted in *Blakely* and *Booker* renders mandatory guideline sentencing unconstitutional, the rulings in those cases do not provide a basis for relief in this case because it is before the Court on collateral rather than direct review. The Supreme Court held in *Booker* that its ruling would apply to all cases on direct review, but did not mention collateral review cases. However, the *Blakely* and *Booker* rulings stem from the more fundamental holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2355, 147 L.Ed.2d 435 (2000), that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi,* quoting *Jones v. United States,* 526 U.S. 227 (1999). The Sixth Circuit has expressly held that *Apprendi* is not to be applied retroactively to cases on collateral review. *Goode v. United States*, 305 F. 3d 378 (6th Cir. 2002). In *Schiro v. Summerlin*, ___ U.S. ___ ,124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004), the Supreme Court expressly held that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), a case which depends on *Apprendi,* is not to be applied retroactively to cases on collateral review. Even if *Blakely* were applicable to this case, it would not afford relief here because Defendant agreed to the base offense level of 36 in his plea agreement. As Justice Scalia made plain in Blakely, there is no Sixth Amendment violation when the facts which ground the enhanced sentence have been agreed to by the defendant. Therefore

2

Defendant's Second Ground for Relief is without merit.

Defendant's First Ground for Relief claims his trial attorney was ineffective for failure to make the *Blakely* argument to this Court. Because *Blakely* is not applicable to this case, counsel was not ineffective for failure to raise it. Therefore the First Ground for Relief is without merit.

Defendant's Third Ground for Relief asserts the Court abused its discretion in failing to grant him a downward departure on the basis of his responsibilities for the care of his ill mother. An action brought under 28 U.S.C. §2255 must allege an error which meets the constitutional standards of collateral attack. A petition brought under this section must allege that the sentencing court:

1) committed an error of constitutional magnitude;

2) imposed a sentence outside the statutory limits; or

3) proceeded under an error of fact or law which was so fundamental as to render the entire proceeding invalid.

*United States v. Addonizio*, 442 U.S. 178, 186 (1979); *United States v. Davis*, 417 U.S. 333, 346 (1974). To obtain relief under §2255, a petitioner "must show a fundamental defect [in theproceedings] which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting Hill v. United States, 368 U.S. 424, 428 (1968)).

Even if Defendant's Third Ground for Relief could have been considered on direct appeal, it does not state a claim upon which relief can be granted in a §2255 proceeding because it is not a violation of the Constitution to fail to grant a downward departure in circumstances such as those presented in this case. *Sinistaj v. Burt,* 66 F. 3d 804 (6th Cir. 1995).

This case became final on direct review when Defendant failed to take a direct appeal from final judgment and the time for doing so expired on October 3, 2003. Because this case was final on direct review long before *Booker* was decided, Defendant's §2255 Motion should be denied.

3

Because reasonable jurists would not disagree with this conclusion, Defendant should be denied a certificate of appealability and leave to appeal *in forma pauperis*.

January 15, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).