# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,

Case No. 3:00-cr-092 (08)

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

-vs-

JASON WALKER,

      Defendant.

---

## DECISION AND ORDER DENYING MOTION TO RECONSIDER OR ALTER OR AMEND A JUDGEMENT PURSUANT TO FED. R. CIV. P. 59(e)

---

This case is before the Court on Defendant's Motion to Reconsider or Alter or Amend a Judgement Pursuant to Fed. R. Civ. P. 59(e)(Doc. No. 946). In the Motion, the Defendant seeks reconsideration of the Magistrate Judge's Decision and Order denying Defendant's Motion to Supplement his §2255 Motion (Doc. No. 944).

Defendant filed his original §2255 Motion August 6, 2004 (Doc. No. 914). The Government answered on October 12, 2004 (Doc. No. 925); Defendant replied (Doc. No. 927); and the Magistrate Judge filed a Report and Recommendations in January, 2005 (Doc. No. 932). Defendant timely objected to the Report (Doc. No. 937) and that portion of the case is before Judge Rice for consideration of the Report and the Objections.

Then on July 15, 2005, Defendant filed his Motion to Supplement (Doc. No. 942). Because the Motion to Supplement seeks to add three claims relating to the original conviction, the Magistrate Judge considered it under Fed. R. Civ. P. 15(a) rather than 15(d), which deals with claims for relief which arise after an original pleading is filed. Because the proposed additional claims do

1

not arise out of the same transaction or occurrence as the original claims, the Magistrate Judge determined that they would be barred by the one-year statute of limitations inserted in 28 U.S.C. §2255 by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), since that one-year period has expired since the original §2255 Motion was filed, relying on the newly-decided *Mayle v. Felix*, ___ U.S. ___, 125 S. Ct. 2262 (2005). In other words, since the amendment/supplement would add claims which would be immediately subject to dismissal under the statute of limitations, the amendment would be "futile" as that term is used in the case law interpreting Fed. R. Civ. P. 15.

Defendant seeks reconsideration[1] on the ground the Court cannot raise the defense of the statute of limitations *sua sponte* because the Government has already answered the original §2255 Motion. Defendant relies on *Scott v. Collins*, 286 F. 3d 923 (6th Cir. 2002). In that case, the Sixth Circuit held that a district court could *sua sponte* raise the affirmative defense of the statute of limitations in initial review under Rule 4 of the Rules Governing §2254 Cases, but could not raise it *sua sponte* after the State had failed to plead it under Fed. R. Civ. P. 8(c) when filing an answer.

The situation the Court was faced with in deciding Defendant's Motion to Supplement was more closely analogous to a Rule 4 review than to interjecting a waived defense after answer. Here the United States had had no occasion to raise that defense in its original Answer because the original §2255 Motion was timely – not barred by the statute of limitations. The time for the United States to raise the defense in response to the new claims had not yet passed – it would occur only if the amendment/supplement were allowed, so the United States had not yet waived the defense by failing to include it in a responsive pleading.

---

[1] While Defendant has made his Motion under Fed. R. Civ. P. 59(e), such motions are technically required only when moving to amend a judgment and no judgment has been entered here, just a decision denying a motion to amend. However, Defendant is proceeding *pro se* and the Court has authority to reconsider interlocutory decisions regardless of what rule might be relied on to ask for reconsideration.

2

Defendant believes the Magistrate Judge was acting *sua sponte* when he denied the Motion to Supplement, but actually he was acting on Defendant's Motion – it was the Defendant who asked the Court to act. As Defendant admits, he needed leave of court to file his proposed amendments. Of course, in considering whether the amendment/supplement would be futile, the Magistrate Judge did analyze it under *Mayle v. Felix, supra*, without having either party cite that case to him. However, the Magistrate Judge is unaware of any case law under Fed. R. Civ. P. 15 which prohibits a judge, even in an ordinary civil case, from considering factors which would make a proposed amendment futile.

The Motion for Reconsideration is DENIED.

August 12, 2005.

> s/ **Michael R. Merz**
> Chief United States Magistrate Judge