IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,
:
       Plaintiff,
:
  vs.                           Case No.  3:00cr092(8)
:
JASON WALKER,
                                JUDGE WALTER HERBERT RICE
:
       Defendant.

-------------------------------------------------------------------------------------------------------

JASON WALKER,
:
       Petitioner,
:
  vs.                           Case No. 3:04cv281
:
UNITED STATES OF AMERICA,
:
                                JUDGE WALTER HERBERT RICE
:
       Respondent.

---

DECISION AND ENTRY OVERRULING PETITIONER-DEFENDANT'S OBJECTIONS (DOCS. ##937 AND 948) TO REPORT AND RECOMMENDATIONS (DOC. #932), DECISION AND ORDER DENYING MOTION TO SUPPLEMENT (DOC. #944) AND DECISION AND ORDER DENYING MOTION TO RECONSIDER (DOC. #947) OF UNITED STATES MAGISTRATE JUDGE; SUCH JUDICIAL FILINGS ADOPTED, WITH ONE EXCEPTION, IN THEIR ENTIRETY; PETITIONER-DEFENDANT'S MOTION (DOC. #914) AND CORRECTED MOTION (DOC. #923) UNDER SECTION 2255 DENIED; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF-RESPONDENT AND AGAINST DEFENDANT-PETITIONER, DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS; CERTIFICATE

OF APPEALABILITY AND ANTICIPATED REQUEST FOR LEAVE TO
APPEAL *IN FORMA PAUPERIS* DENIED; TERMINATION ENTRY

---

This Court denies Defendant-Petitioner's Motion (Doc. #914) and Corrected Motion (Doc. #923) to Vacate, etc., pursuant to 28 U.S.C. 2255, based upon the reasoning and citations of authority set forth by the United States Magistrate Judge in his Report and Recommendations (Doc. # 932), recommending such, as well as upon the following reasoning.[1]

In his Motion and Corrected Motion, the Defendant-Petitioner set forth three claims or grounds for relief.  This Court is in complete agreement with the reasoning of the Magistrate Judge on the second and third claims, respectively, a Sixth Amendment claim predicated upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny, and a claim predicated on the proposition that the Court abused its discretion in failing to grant a downward departure on the basis of extraordinary family responsibilities.  With respect to the second claim, as the Magistrate Judge recognized, the Supreme Court has made it clear that *Apprendi*, *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), are not applicable on collateral rather than direct review.  In addition, the third claim is without merit, because this Court's decision to deny

---

[1] To make its rulings herein, this Court has reviewed the many filings of the Defendant-Petitioner (Docs. ##914, 923, 927, 937-939, 942, 946 and 948), as well as the answer filed by the United States.  <u>See</u> Doc. #925.

Defendant-Petitioner's request for a downward departure on the basis of extraordinary family responsibilities, was not an error of constitutional magnitude or an error of fact or law so fundamental as to render the entire proceeding invalid, the only types of errors which are cognizable under a Section 2255 proceeding.

The Defendant-Petitioner's first ground for relief was that his counsel provided ineffective assistance by failing to argue that basing his sentence on drug quantities which had not been determined by the jury violated his rights under the Sixth Amendment, as interpreted by *Apprendi*, *Blakely* and *Booker*. The Magistrate Judge recommended that this Court reject the first claim, because *Blakely* is not applicable to this case. Putting that rationale aside, this Court concludes that this claim is without merit, because the Defendant-Petitioner agreed to the base offense level of 36 in his Plea Agreement. Therefore, the Defendant-Petitioner's Sixth Amendment right to a jury trial was not violated.

In addition, this Court agrees with the Magistrate Judge's bases for denying Defendant-Petitioner leave to supplement his 2255 Motion to Add Three New Grounds (Doc. #942). Quite simply, such an amendment would have been futile, given that such claims would have been barred by the applicable statute of limitations, since, in accordance with *Mayle v. Felix*, 545 U.S. 644 (2005), the amended claims would not have related back to Defendant-Petitioner's initial filing.

Finally, the Court concurs with the Decision of the Magistrate Judge (Doc. #947) to deny Defendant-Petitioner's Motion for Reconsideration (Doc. #946).

Accordingly, this Court adopts the filings by the United States Magistrate Judge in their entirety, except for that judicial officer's rationale for denying the first claim.  The Defendant-Petitioner's Objections to said judicial filings (Doc. ##932 and 948) are overruled.

Given that reasonable jurists would not disagree with this Court's conclusions herein, Defendant-Petitioner is denied a Certificate of Appealability. Moreover, given that any appeal from this action would be <u>objectively</u> frivolous, leave to appeal *in forma pauperis* is denied.

WHEREFORE, based upon the aforesaid, the Defendant's Motion (Doc. #914) and Corrected Motion (Doc. #923) to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. Section 2255, are denied.  Judgment will be ordered entered in favor of the Plaintiff-Respondent and against Defendant-Petitioner herein.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

/s/ Walter Herbert Rice

October 23, 2006        WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies mailed to:

Jason Walker, Pro Se Petitioner
Vipal Patel, Esq.